UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLEN MEYERS,

    Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

    Defendants.

No. 2:16-cv-01121-MCE-CKD PS

ORDER

I. <u>Introduction</u>

Presently set for hearing on January 22, 2020 is defendants' motion for summary judgment. (ECF Nos. 42, 49.)

On January 8, 2020, plaintiff filed a document styled as a response to the motion for summary judgment, a request to continue his opposition to the motion, a request to stay proceedings, and a request to reopen discovery. (ECF No. 50.) Plaintiff attempted to set a hearing on January 25, 2020, which the court notes at the outset is improper under the Local Rules. (<u>Id.</u>; <u>see also</u> Local Rule 230(b) (stating that a "matter shall be set for hearing . . . not less than twenty-eight (28) days after service and filing of the motion").)

II. <u>Relevant Procedural History</u>

On May 24, 2016, District Judge Morrison C. England, Jr. issued a scheduling order that set the close of discovery on May 24, 2017. (ECF No. 3.)

1

On March 21, 2018, Judge England issued an order on motion to modify or vacate the scheduling order that extended the close of discovery to March 21, 2019. (ECF No. 19.)

On June 19, 2018, Judge England granted plaintiff's then-counsel's motion to withdraw as attorney and vacated all pending dates. (ECF No. 23.) The following month, Judge England referred this case to the undersigned for all purposes, exclusive of the pretrial conference and trial. (ECF No. 25.)

On October 25, 2018, plaintiff was appointed new counsel for the limited purpose of plaintiff's deposition and participating in any settlement conference. (ECF No. 32.)

On November 27, 2018, the undersigned issued a scheduling order that extended the close of fact discovery to September 6, 2019. (ECF No. 33.) This scheduling order has not been modified and discovery closed four months ago.

III.     Plaintiff's Response to the Summary Judgment Motion

In his response to the summary judgment motion, plaintiff avers that he is on home arrest with an ankle monitor and is only allowed out of his home for two hours a week. (ECF No. 50 at 2.) Plaintiff also claims that "[i]n order to oppose the summary judgment, plaintiff must reopen discovery." (Id. at 5–6.) In addition to reopening discovery, plaintiff requests to stay this matter until August 2020, which is when he anticipates being released from house arrest. (Id. at 5.)

In support of his request to reopen discovery, plaintiff included a declaration signed by his former counsel, Dennise Henderson. Henderson states that no discovery had been conducted, there had been no exchange of experts, and "[i]f plaintiff is allowed to continue the summary judgment motion and reopen discovery [she] anticipate[s] that he would be able to present evidence that would be helpful to his case and eventually answer summary judgment." (ECF No. 50 at 15.)

IV.     Plaintiff's Request to Stay and Request to Conduct Further Discovery

The court will not rule on plaintiff's motion to stay. First, the motion is procedurally deficient. The motion should be filed separately and properly noticed in accordance with the Local Rules, including Local Rule 230(b), which afford defendants an opportunity to respond. In addition, plaintiff is advised of the following legal standards governing a motion to stay. A stay

is "not a matter of right" but "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal quotation marks and citations omitted). Courts consider the following factors when deciding a motion to stay: (1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether the issuance of a stay will substantially injure the other person interested in the proceeding, and (4) where the public interest lies. Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). If plaintiff believes a stay is warranted, he must make a compelling showing supporting his reasons. The court will not provide a ruling at this juncture, but plaintiff is cautioned that the threshold is high given the circumstances of his case. Plaintiff is further reminded that a stay of this matter would necessarily include a stay of discovery, which conflicts with plaintiff's request to reopen discovery.

      As for plaintiff's request to continue discovery, the federal rules of civil procedure, not state court law, govern the procedural requirements for summary judgment motions, including showing the need for further discovery. Bare allegations or vague assertions of the need for discovery are insufficient. Moreover, Federal Rule of Civil Procedure 56 is not designed to relieve parties who did not conduct discovery during the discovery period. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1026 (9th Cir. 2006) (finding a continuance was properly denied where a party failed to diligently pursue discovery during the twenty-seven months between the start of litigation and the discovery cutoff). Having reviewed plaintiff's filing, the court is not inclined to grant plaintiff's request given the fact he has had ample opportunity—more than seventeen (17) months—to conduct discovery, including through counsel. However, the court will continue the motion for summary judgment hearing, which will afford plaintiff an opportunity to prepare and file an opposition or renew his request to conduct further discovery if he so chooses. The court will not extend the date a second time absent a showing of good cause.

///

///

V.  Conclusion

For these reasons, IT IS HEREBY ORDERED that:

1. The January 22, 2020 hearing on defendants' motion for summary judgment (ECF No. 42) is vacated and continued to March 4, 2020. Plaintiff's opposition shall be filed no later than February 19, 2020. Defendants' reply shall be due no later than February 26, 2020.

2. Plaintiff's motion to stay (ECF No. 50) is DENIED without prejudice.

3. Plaintiff's request to conduct further discovery (ECF No. 50) is DENIED without prejudice.

Dated:  January 14, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 meyers1121.order.msj