UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN MEYERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al,<br><br>　　　　Defendants. | No. 2:16-CV-01121-MCE-CKD (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Before the court is defendants' motion for summary judgment. (ECF No. 42.) Plaintiff failed to file an opposition or statement of non-opposition in accordance with Local Rule 230(c). The court twice extended plaintiff's deadline to respond to defendants' motion. (ECF Nos. 49, 52.) To date, no opposition or statement of non-opposition has been filed. Upon considering the motion and supporting documents, the court finds as follows:

**I.　BACKGROUND**

　　　　This civil rights case arises from allegations that plaintiff received improper medical treatment while incarcerated at Sacramento County jail. Plaintiff was brought to the Sacramento County Jail on September 18, 2013. (ECF No. 42-2 ¶ 10.) At that time, he had previously been diagnosed with an endocrine system disorder, diabetes, and hypertension. (Id. ¶ 11.) Jail nursing staff were aware of plaintiff's conditions. (Id. ¶ 12.) Three days into plaintiff's confinement, plaintiff was started on Keppra, an anti-seizure medication. (Id. ¶ 13.) Plaintiff claims that

1

1  Keppra had caused him adverse reactions in the past, (ECF No. 1 ¶ 22), and as a result, in

2  December of 2014, jail staff transitioned plaintiff to divalproex (Depakote) to treat his seizures.

3  (ECF No. 42-2 ¶ 16.)  In January of 2014, however, Depakote was discontinued, so plaintiff was

4  prescribed Phenytoin (Dilantin) instead.  (Id. ¶ 17.)

5        Plaintiff was prescribed a variety of medication for his medical conditions, and he

6  complained about the medications he was receiving on multiple occasions.  (ECF No. 1 ¶ 26-42.)

7  Inmates confined at the jail have the right to submit administrative grievances regarding their

8  medical care.  (Id. ¶ 34.)  Plaintiff submitted several grievances while housed at the jail.  (Id.

9  ¶¶ 37-38.)  But plaintiff never appealed the results of grievances, as was his right.  (Id. ¶ 38.)

10        On May 22, 2014, plaintiff signed a permanent refusal of all medication.  (ECF No. 42-2

11  ¶ 19.)  He reaffirmed his refusal on May 26, 2014.  (Id. ¶ 20.)  Plaintiff was not prescribed any

12  anti-seizure medication after signing the refusal form.  (Id. ¶ 21.)  The jail staff explained to

13  plaintiff the risks associated with refusing medication. (Id. ¶ 22.)

14        On May 23, 2016, plaintiff filed the instant suit against the County of Sacramento,

15  Sacramento County Sheriff Scott Jones, former Chief of Correctional Health Services Anne

16  Marie Boylan, Chief Sheriff's Deputy Eric Maness, and Undersheriff Jamie Lewis. [1] (ECF No.

17  1.)  Plaintiff complains that he should not have been treated with Keppra for his seizure disorder.

18  (ECF No. 42-2 ¶ 24.)  He claims that the jail staff's medical treatments caused him to experience

19  hallucinations, delusions, tantrums, and multiple blackouts that resulted in his physical injury.

20  (Id. ¶ 25.)  He further alleges that the jail's policy was not to tell the inmates what medications

21  they were being given.  (ECF No. 1 at 9 ¶ 37).  Defendants now seek summary judgment against

22  all of plaintiff's claims.  (ECF No. 42.)

23  **II.  LEGAL STANDARD**

24        Summary judgment is appropriate when it is demonstrated that there "is no genuine

25  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

---

[1] Defendants contend that none of the named defendants directly or indirectly provided medical care to plaintiff.  (ECF No. 42-1 at 2:10-11.)  With regard to Boylan, her employment with Sacramento County ended in 2010, years before the actions giving rise to this suit occurred.  (ECF No. 42-2 ¶ 2.)

1   Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by

2   "citing to particular parts of materials in the record, including depositions, documents,

3   electronically stored information, affidavits or declarations, stipulations (including those made for

4   purposes of the motion only), admissions, interrogatory answers, or other materials. . . ."  Fed. R.

5   Civ. P. 56(c)(1)(A).

6        Summary judgment should be entered, after adequate time for discovery and upon motion,

7   against a party who fails to make a showing sufficient to establish the existence of an element

8   essential to that party's case, and on which that party will bear the burden of proof at trial.  See

9   Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an

10  essential element of the nonmoving party's case necessarily renders all other facts immaterial."

11  Id.

12       If the moving party meets its initial responsibility, the burden then shifts to the opposing

13  party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita

14  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

15  existence of this factual dispute, the opposing party may not rely upon the allegations or denials

16  of their pleadings but is required to tender evidence of specific facts in the form of affidavits,

17  and/or admissible discovery material, in support of its contention that the dispute exists or show

18  that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed.

19  R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.

20       If, after proper notice and opportunity to respond has been given to the nonmoving party,

21  no opposition to summary judgment is filed, the district court may grant the motion only if the

22  motion itself establishes that there is no genuine issue of material fact in dispute and that the

23  moving party is entitled to judgment as a matter of law.  See Henry v. Gill Indus., Inc., 983 F.2d

24  943, 950 (9th Cir. 1993).  The mere fact that the motion is unopposed is insufficient to support an

25  award of summary judgment, even if local rules provide that nonopposition requires that the

26  motion be granted.  See id. at 949-50; see also Evans v. Indep. Order of Foresters, 141 F.3d 931,

27  932 (9th Cir. 1998) (finding abuse of discretion in denying motion to vacate judgment under Fed.

28  R. Civ. P. 60(b) where underlying judgment was based solely on local rule regarding failure to

oppose summary judgment motions). But local rules permitting, rather than requiring, the district court to grant a motion in the absence of opposition are not invalid, as long as judgment is based at least in part on a finding that the necessary prima facie case has been made. See Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).

### III. DISCUSSION

Plaintiff asserts seven causes of action based on the medical care he received while incarcerated. (ECF No. 1.) Five of his claims arise under 42 U.S.C. section 1983. (Id.) Two are state law claims: for medical malpractice and the failure to furnish medical care under California Government Code section 845.6. (Id.)

Defendants argue they are entitled to summary judgment for three reasons: (1) plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"); (2) plaintiff's federal claims are time barred; and (3) there is no genuine factual dispute as to the merits of plaintiff's claims.

As discussed below, the court finds that plaintiff failed to exhaust his administrative remedies under the PLRA prior to filing suit. Plaintiff's federal claims must therefore be dismissed. Similarly, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims, and thus they must be dismissed as well.

1. <u>Failure to Exhaust Administrative Remedies</u>

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper

exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See Booth, 532 U.S. at 741 n. 6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 90-93. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules' [ ]—rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." Bock, 549 U.S. at 204, 216. A defendant must show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. Once the defense meets this burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable. See Albino, 697 F.3d at 1030-31.

Here, defendants present evidence that the Sacramento County Main Jail has an administrative procedure allowing inmates to submit grievances regarding medical care. (ECF No. 42-3 at 6 ¶ 9.) Aron Brew, the Chief of Correctional Health Services for Sacramento County, describes the procedure in a sworn declaration:

> The inmate has five days from the date of the event being grieved about to submit the [grievance] form. Grievances are routed by staff to the appropriate supervisor, depending on the nature of the complaint. A copy of the response by staff is sent back to the inmate and kept in the inmate's file. If the inmate is dissatisfied with the response, the inmate may send a written appeal within five days of the initial reply.

(Id.)

Defendants further present evidence that plaintiff failed to exhaust this administrative process prior to filing suit. On at least three occasions, plaintiff submitted grievances concerning his medical treatment, blackouts, and the medications he was prescribed. (ECF No. 42-3 at 72, 74, 75, and 77.) The jail staff responded to each grievance he submitted. (ECF No. 42-3 at 73,

76, and 78.) If plaintiff was dissatisfied with the responses, he was entitled to submit an administrative appeal. Printed at the bottom of each staff response to plaintiff was the following advisory: "APPEALS MUST BE IN WRITING & DIRECTED TO FACILITY COMMANDER WITHIN FIVE (5) DAYS." (Id.) (emphasis original). Plaintiff never pursued an appeal despite being notified of his ability to continue with the administrative relief process. Consequently, plaintiff failed to exhaust his administrative remedies before initiating this suit.

Because defendants have shown there was an administrative remedy that plaintiff failed to exhaust, to avoid dismissal, plaintiff must show that the option to exhaust his administrative remedies was unavailable in this particular case. See Albino, 697 F.3d at 1030-31. Plaintiff has not submitted any opposition to defendants' motion. Viewing the evidence in the light most favorable to plaintiff, there is no reasonable basis for the court to find or infer that the administrative appeal process was unavailable to plaintiff. As such, defendants have shown they are entitled to summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies. Under the PLRA, dismissal for the failure to exhaust administrative remedies is without prejudice. Miller v. Flores, No. 1:17-cv-01309-DAD-SAB, 2019 WL 6827637, at *6 (E.D. Cal. Dec. 13, 2019), report and recommendation adopted, No. 1:17-cv-01309-DAD-SAB, 2020 WL 731179 (E.D. Cal. Feb. 13, 2020); see Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."), overruled on other grounds by Albino, 747 F.3d 1162. Thus, plaintiff's federal claims must be dismissed without prejudice.

2.      Jurisdiction Over Plaintiff's State Law Claims

The PLRA's on requirement applies only to claims brought under federal law. 42 U.S.C. § 1997e(a). It does not apply to plaintiff's state law claims. Although the court has original jurisdiction over plaintiff's federal claims, 28 U.S.C. § 133, supplemental jurisdiction over plaintiff's state law claims is discretionary. 28 U.S.C. § 1367(a).

A court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In addition, when a district court dismisses all federal-law claims before trial, "the balance of the factors to be

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir .1997) (en banc); see also Floyd v. Watkins, No. 2:14-CV-01775-SB, 2015 WL 5056036, at *6 (D. Or. Aug. 25, 2015) (declining to exercise supplemental jurisdiction over [plaintiff's] remaining state law claim after dismissing federal claims under the PLRA); Luong v. Segueira, No. CV 16-00613 LEK-KSC, 2018 WL 1547122, at *7 (D. Haw. Mar. 29, 2018) (dismissing plaintiff's section 1983 claim for failure to exhaust and declining to exercise supplemental jurisdiction over the remaining state law claims).

The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Accordingly, plaintiff's state law claims should be dismissed without prejudice.

## IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 42) be GRANTED;
2. The action be DISMISSED without prejudice; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.1121.msj