UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN MEYERS, | No. 2:16-CV-01121-MCE-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al, | |
| Defendants. | |

On July 7, 2020, this court ordered attorney Dennise Henderson to show cause within fourteen days why she should not be sanctioned for violating this court's orders and the Local Rules by filing documents on behalf of a pro se plaintiff. ECF No. 64. Henderson failed to respond to the July 7, 2020 show cause order. Accordingly, for the reasons below, the court finds as follows:

I.  RELEVANT BACKGROUND

On July 18, 2018, attorneys Dennise Henderson and Stratton Barbee were terminated as plaintiff's counsel of record. ECF Nos. 23, 24.

One and a half years later, on January 8, 2020, a response to defendants' motion for summary judgment was purportedly filed on behalf of plaintiff. ECF No. 50. The response was electronically filed using Barbee's CM/ECF login and password, and it included a declaration from Henderson, who claimed to have contacted defense counsel regarding the pending summary

1

1  judgment motion.  Id.

2  On January 13, 2020, the court ordered Henderson and Barbee each to file notices of
3  appearance by January 17, 2020, if they intended to continue representing plaintiff.  ECF No. 51.
4  The court reminded Henderson and Barbee that unless they filed notices of appearance they were
5  prohibited from using their CM/ECF credentials to file documents in this matter on plaintiff's
6  behalf.  Id.

7  The January 17, 2020 deadline came and went, and neither attorney filed a notice of
8  appearance pursuant to Local Rules 182(a) and 131(a).

9  One month later, on February 19, 2020, Henderson filed another "response" to
10  defendants' motion for summary judgment on plaintiff's behalf, asking to reopen discovery and
11  extend the deadline to answer defendants' motion.  ECF No. 54.  Henderson attached an
12  Appearance of Counsel form and used Barbee's ECF login and password rather than her own.
13  See L.R. 135(g).

14  On February 20, 2020, the court ordered Henderson and Barbee to show cause, within five
15  days, why they should not each be sanctioned $250 for improper use of an ECF login/password.
16  ECF No. 54.  The court also reiterated that it would disregard any documents Henderson
17  purportedly filed on plaintiff's behalf until Henderson properly filed a standalone notice of
18  appearance under her own CM/ECF login and password.

19  Barbee timely responded to the show cause order, but Henderson did not.  ECF No. 55.
20  Accordingly, on March 4, 2020, the court sanctioned Henderson in the amount of $250.00 for
21  improper use of an ECF login and password and disregarding this court's orders.  ECF No. 58.

22  On March 6, 2020, Henderson responded to the show cause order.  Although Henderson's
23  response was filed more than ten days after the court-ordered deadline, the court opted to rescind
24  the sanction against her.  ECF No. 60.

25  On June 15, 2020, the court issued findings and recommendations on defendants' motion
26  for summary judgment.  On July 1, 2020, Henderson filed objections to the findings and
27  ////
28  ////

recommendations on plaintiff's behalf, with a "Notice of Filing in Absentia."[1]  ECF No. 63.  Henderson submitted this filing despite never having filed a notice of appearance under her own ECF login and password as she was ordered to do for any future filings on plaintiff's behalf.  ECF Nos. 51, 54.

On July 7, 2020, this court ordered Henderson to show cause within fourteen days why she should not be sanctioned in the amount of $250.00 for repeatedly disregarding the Local Rules and orders of this court regarding filing documents on a party's behalf.  (ECF No. 64.)  The deadline to show cause passed, and Henderson failed to respond.

II.   DISCUSSION

Eastern District Local Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Federal courts have the inherent power to impose monetary sanctions against attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order.  See Chambers v. NASCO, Inc., 501 US 32, 43 (1991); Roadway Express, Inc. v. Piper, 447 US 752, 764-66, (1980).  "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith."  B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002), as amended (Feb. 20, 2002).  A party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."  Chambers, 501 U.S. at 46.

The court finds that Henderson's conduct constitutes willful disobedience of the court's orders.  On at least three occasions, Henderson improperly filed documents on plaintiff's behalf.  She submitted two of these filings—the February 19, 2020 and July 1, 2020 filings—after the court had ordered her not to file documents on plaintiff's behalf without first appearing as counsel of record and following the court's procedures.  As a result of her improper filings, the court ordered her to show cause why she should not be sanctioned for violating the court's orders.

---

[1] As previously noted in the show cause order, this court does not recognize a "filing in absentia."

Henderson did not timely respond to either the February 20, 2020 or July 7, 2020 show cause order.

Henderson's repeated failure to follow proper filing procedures after being ordered to do so, as well as her failure to respond to the court's show cause orders, is conduct tantamount to bad faith. The court therefore finds good cause to sanction her.

III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Dennise Henderson is sanctioned a total of $250.00 based upon the willful disobedience of this court's orders. Dennise Henderson shall pay $250.00 to the Clerk of Court within twenty-one (21) days of the date of this order.

Dated: July 24, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.1121.sanc